**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 20, 2018.**

TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 15-70104** |
| | § | **CASE NO. 15-70105** |
| **AMERICAN STANDARD ENERGY,** | § | |
| **CORP., *et. al.*,** | § | **CHAPTER 11** |
| **Jointly Administered Debtors.** | § | |
| | § | **(Jointly administered Case No. 15-70104)** |

**FINAL DECREE**

On July 25, 2018, the Debtors filed their Application for Final Decree [ECF No. 532]. Then, Geronimo Holding Corporation, Randall Capps, and XOG, Operating, LLC ("XOG Parties") filed a response objecting to entry of the final decree in the ASEN bankruptcy case. In their objection, the XOG Parties argue that the application should not be granted because ASEN failed to file complete quarterly operating reports. The objection, however, does not state why this lack of disclosure creates a problem for anyone. In fact, the United States Trustee expressly agreed to entry of the Debtors' proposed final decree. The XOG parties also object because they want the Debtors to "confirm" that the XOG parties retain certain rights of credit and offset under the Plan Stipulation. They also refer to a violation by Pentwater of the Plan Stipulation. But the Court can

retain jurisdiction to resolve any disputes about the Plan Stipulation to the extent jurisdiction over these issues was not already retained in the confirmation order. And so none of this is a basis for keeping the ASEN bankruptcy case open.

Thus, the Court finds the objection filed by the XOG Parties should be overruled and that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Reorganized Debtors and their creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given, and no other or further notice is necessary except as set forth herein; and (v) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is granted as modified as set forth herein pursuant to the Reorganized Debtors' agreement with the Office of the United States Trustee.

2. The Cases are hereby closed as of this date, provided that this Court shall retain jurisdiction as provided in the Confirmation Order.

3. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party-in-interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code.

4. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

5. Notwithstanding anything to the contrary, the terms and conditions of this Final

Decree shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Final Decree, and any matters concerning the Plan Stipulation.

7. The Reorganized Debtors shall, within fourteen (14) days after the entry of the Final Decree, file all outstanding post-confirmation reports and pay all U.S. Trustee fees which are due and payable pursuant to 28 U.S.C. §1930(a)(6) to the United States Trustee at P.O. Box 530202, Atlanta, GA 30353-0202. The payment must reflect the debtor's account number and be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report" available from the United States Trustee.

8. All relief not granted herein is denied.

###